**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBBY HILLMAN, | No. 18-35843 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02256-MK |
| v. | |
| GREENWOOD, C/O; STATE OF OREGON, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Oregon state prisoner Bobby Hillman appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging excessive force.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*,

391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for defendant Greenwood on Hillman's Eighth Amendment excessive force claim because Hillman failed to raise a genuine dispute of material fact as to whether Greenwood used more than a de minimis amount of force against him. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 9-10 (1992) (setting forth substantive standard for excessive force claim and stating that de minimis use of force generally does not violate Eighth Amendment).

The district court did not abuse its discretion by denying Hillman's motion for reconsideration because Hillman failed to demonstrate any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider Hillman's renewed request for appointment of counsel set forth in his opening brief. In Docket Entry No. 22, this court denied Hillman's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained.

Hillman's request for judicial notice, set forth in his reply brief, is denied.

**AFFIRMED.**

18-35843